STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RAYMOND F. GARFOLE, DEFENDANT-APPELLANT.

Submitted May 30, 1979—Decided June 20, 1979.

*Mr. Richard S. Lehrich,* First Assistant Deputy Public Defender, filed a letter in lieu of brief for appellant (*Mr. Stanley C. Van Ness,* Public Defender of New Jersey, attorney).

*Mr. William F. Lamb,* Deputy Attorney General, filed a letter in lieu of brief for respondent (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney).

PER CURIAM. In a prior opinion in this case reported at 76 *N. J.* 445 (1978), this Court, after noting that a proffer of proof had been made by defendant at his trial,[1] which proffer had been summarily rejected by the trial judge, re-

---

[1] For a summary of the nature and scope of the proffered testimony, see our prior opinion, 76 *N. J.* at 448.

manded the cause to the Law Division for a hearing and a determination as to the admissibility of defendant's proffered evidence. The judge was ordered to weigh the degree of relevance of the disputed evidence as against the considerations of *Evid. R.* 4 which militate against it. We also directed the judge to conduct a *voir dire* to consider whatever proof defendant wished to offer as to his purported alibis. This would aid the judge in formulating a fair impression of the degree of probative strength of the proffered proof taken in its entirety. If the judge decided to admit the evidence, he was to order a new trial; if he rejected the evidence, the judgment of conviction would stand. We retained jurisdiction to allow summary review of the decision on remand on the application of either party.

The trial judge held a hearing pursuant to the remand. After considering defendant's proffered evidence and proof of alibis, he ruled, in a letter opinion, that to introduce the other episodes with proofs of alibi for each one would result in a series of "mini-trials" as to defendant's guilt on charges for which he was not being tried. He concluded that to do so would substantially confuse and mislead the jury and so far outweighed the probative value of such evidence that it must be excluded under *Evid. R.* 4. He therefore entered an order denying a new trial.

We have reviewed the record on remand and are in full agreement with the findings and conclusions of the trial judge. Accordingly, the order denying a new trial is approved. In accordance with our prior opinion herein, the judgment of conviction is now affirmed.

Justice PASHMAN would reverse the judgment of conviction and order a new trial for the reasons expressed in his dissent to this Court's prior opinion. See 76 *N. J.* at 457–466.

*For affirmance*—Chief Justice HUGHES and Justices SULLIVAN, CLIFFORD, SCHREIBER and HANDLER—5.

*For reversal*—Justice PASHMAN—1.